UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LORIE POTTER, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE |
| | ) FILE NO. 5:14-CV-315-MTT |
| v. | ) |
| | ) |
| DOOLY COUNTY, GEORGIA; DON WILLIFORD in his individual and official capacities; and LUCIUS VAN PEAVY in his individual capacity, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Lorie Potter ("Potter") brings this Complaint against Defendants Dooly County, Don Williford ("Williford"), and Lucius Van Peavy ("Peavy"), showing the Court the following:

## INTRODUCTION

Potter was passed over for two full-time paramedic positions with the Dooly County Emergency Management Services department since December 2012. Although she applied for and was qualified for both positions, she was never a viable candidate for either slot for unlawful reasons. First, Potter's political affiliation to the Dooly County Sheriff's challenger in the 2012 election prevented her from receiving either position. As for the second position, Potter's race also played a role in the

County's failure to award her the position, as the EMS needed a black paramedic to diversify the workplace.  As a result of these decisions not to hire Potter on a full-time basis, Potter asserts First Amendment retaliation claims against Defendants Dooly County, Williford, and Peavy; a race discrimination claim against Dooly County and Williford; and a tortious interference claim against Peavy.

## **PARTIES**

1.

Potter is a citizen of the United States and a former employee of the Defendant.

2.

Potter was a Georgia resident at all times relevant to her claims and submits herself to the jurisdiction of this Court.

3.

Dooly County is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby and was the public employer of Plaintiff and Defendant Williford at all times material hereto.

4.

Dooly County may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedures by service on Terrell Hudson, Dooly County Chairman of

the Board of Commissioners, at 113 N. Third Street, Room #1, Vienna, GA 30090, and is subject to the jurisdiction and venue of this Court.

5.

Defendant Don Williford is a resident of and works in the Middle District of Georgia and may be served at his office, 211 Garrett Drive, Vienna, GA 31092.

6.

Defendant Lucius Van Peavy is a resident of and works in the Middle District of Georgia and may be served at his office, 576 Pinehurst-Hawkinsville Road, Pinehurst, GA 31070.

## JURISDICTION AND VENUE

7.

Plaintiff brings this action pursuant to the Equal Protection Clause of the United States Constitution, the First Amendment to the United States Constitution, and 42 U.S.C. § 1981.  These claims are asserted via 42 U.S.C. § 1983.  Plaintiff is also asserting a state constitutional violation and a tortious interference claim.

8.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction).

9.

This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(6) because the Defendants reside in the Middle District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## STATEMENT OF FACTS

10.

Lorie Potter is white.

11.

Potter began working for Dooly County EMS in October 2008 as a part-time emergency medical technician ("EMT").

12.

In that position, Potter received only positive feedback about her performance.

13.

In 2011, Potter became a certified paramedic and continued working on a part-time basis for Dooly County in that capacity.

14.

That same year, Potter began reporting to the director of EMS for Dooly County, Don Williford.

15.

In her position as a paramedic, Potter continued to receive positive feedback about her performance.

16.

In 2012, the long-serving Dooly County Sheriff, Lucius Van Peavy, was up for re-election. During the election of 2012, T.J. Williams challenged Peavy.

17.

During the election, Potter's husband actively supported and participated in Williams's campaign for sheriff.

18.

Potter also openly supported Williams, but did not participate in his campaign.

19.

Peavy banned Potter from servicing the Dooly County Justice Center, otherwise known as the Law Enforcement Center ("LEC") as a paramedic. This was the only form of retaliation Peavy could exact against Potter because as the Dooly County Sheriff, he did not have the power to discipline her.

20.

Peavy made his edict known to Williford, who followed the command to keep Potter out of the LEC.

21.

Potter was the only paramedic banned from the LEC during and after the election.

22.

Peavy won his bid for re-election.

23.

Peavy acted maliciously with intent to injure Potter when he banned her from the LEC.

24.

In December 2012, Potter applied for a full-time position with the Dooly County EMS.

25.

After receiving her application, Williford told Potter that she would not receive the full-time position because she was still banned from the LEC as a result of the support she and her husband gave to Peavy's challenger.

26.

In fact, Williford told Potter that Peavy instructed him to terminate Potter's employment outright, but he refused.

27.

Instead of hiring Potter for the full-time position for which she applied and was qualified, Williford hired a less-qualified applicant for the position who had not been banned from the LEC by Sheriff Peavy.

28.

In the summer of 2013, Dooly County EMS had another full-time paramedic vacancy.

29.

Potter applied for and was qualified for the position.

30.

However, Williford gave that position to a black candidate who had just graduated from paramedic school. Williford filled the position before the application period even concluded.

31.

Potter asked Williford why she was not selected for the position, and Williford responded that he hired the black candidate for the purpose of "diversification."

32.

Potter then asked if she would be hired if another full-time position became available, but Williford told her that if an additional full-time position became

available, that spot needed to be given to a Hispanic candidate.

## Governmental Decision Maker Liability

33.

Defendants' conduct was done under color state and local law. All of Defendants' discriminatory and retaliatory conduct described herein was accomplished pursuant to official policy and custom of Dooly County or was committed or authorized by officials whose acts can be fairly deemed to be the actions and official policy and customs of Dooly County and the Dooly County EMS.

34.

Defendant Dooly County is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees and for injuries occasioned thereby and was the public employer of the individual defendants.

35.

Defendant Williford was, at all times material to this Complaint, the highest County official with authority to hire, fire, transfer, demote, promote, discipline, and take other personnel actions affecting other employees of Dooly County EMS, including the Plaintiff.

36.

Defendant Williford's above-pled employment actions were subject to, or required, higher review or approval. His above-pled employment actions were also not subject to appeal or reversal by any other official or entity.

37.

Defendant Williford was the final decision maker with respect to each of the unlawful employment actions giving rise to this Complaint.

38.

Defendant Williford was the final policy maker with respect to each of the unlawful employment actions giving rise to this Complaint.

39.

Defendant Williford undertook all of the unlawful conduct giving rise to the Plaintiff's claims while acting under color of state and local law.

40.

At all times material to this Complaint, it was clearly established law that retaliating against an employee for supporting a candidate for public office violates the First Amendment.

41.

The acts at issue were taken with intent to discriminate by a decision maker

or a policy maker, in accordance with customs, policies, and practice promulgated by Williford, Peavy, and/or governing body of Dooly County and the Dooly County EMS.

**Punitive Damages Allegations**

42.

Defendants Williford and Peavy undertook all of the above-pled unlawful conduct intentionally, willfully, and maliciously with respect to the Plaintiff and her federally protected rights.

43.

Additionally, and in the alternative, Defendants Williford and Peavy undertook all of the above-pled conduct with reckless disregard for the Plaintiff and her federally protected rights.

**COUNT I**
**Violation of First Amendment – 42 U.S.C. § 1983**
**(Against Defendants Dooly County, Don Williford in his individual and official capacities, and Lucius Van Peavy in his individual capacity)**

44.

All preceding paragraphs are incorporated herein by reference.

45.

Defendants' actions have deprived Potter of her right to political association as guaranteed by the First Amendment to the Constitution of the United States when she was forbidden from entering the Law Enforcement Center on account of her support

of the sheriff's challenger.  That action caused Williford not to consider her for full-time positions.

46.

Defendants' actions were willful, deliberate, and intended to cause Potter harm and/or were committed with reckless disregard of the harm caused to Potter, and were in derogation of Potter's federally protected rights.

47.

As a direct and proximate result of Defendants' actions against Potter, Potter has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT II
## Violation of the First Amendment Right to Free Speech
## Under the Constitution of the State of Georgia
**(Against Defendants Dooly County, Don Williford in his individual and official capacities, and Lucius Van Peavy in his individual capacity)**

48.

All preceding paragraphs are incorporated herein by reference.

49.

The Defendants' actions deprived Potter of her right to freedom of association as guaranteed by the Constitution of the State of Georgia Art. I, § 1, ¶ 5.  When she was forbidden from entering the Law Enforcement Center on account of her support of the sheriff's challenger, she was not considered for full-time positions.

50.

Defendants' actions were willful, deliberate, and intended to cause Potter harm and/or were committed with reckless disregard of the harm caused to Potter, and were in derogation of Potter constitutionally protected rights.

51.

As a direct and proximate result of Defendants' actions against Potter, she has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT III
### Race Discrimination – 42 U.S.C. § 1981 via 42 U.S.C. § 1983
**(Against Defendants Dooly County and Don Williford in his individual and official capacities)**

52.

All preceding paragraphs are incorporated herein by reference.

53.

At all times material to this Complaint, Potter and Defendants Dooly County and Don Williford were parties to employment agreements under which Potter provided services to those Defendants and they were required to, among other things, compensate Potter for her services.

54.

Potter performed her employment obligations.

55.

Potter applied for a full-time paramedic position, but she was passed over for a less-qualified black applicant.

56.

Defendants' above-pled discriminatory conduct toward Potter constitutes unlawful race discrimination against Potter's rights, in violation of 42 U.S.C. § 1981.

57.

Defendants willfully and wantonly disregarded Potter's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith and with specific intent to cause her harm.

58.

As a direct and proximate result of Defendants' actions against Potter, Potter has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT IV
### Race Discrimination Equal Protection Clause via 42 U.S.C. § 1983
**(Against Defendants Dooly County and Williford in his individual and official capacities)**

59.

All preceding paragraphs are incorporated herein by reference.

60.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection under the laws, including equal protection with respect to race.

61.

Defendants failed to promote Plaintiff based upon race rather than legitimate justification.

62.

No compelling or other governmental interest supports the Defendants' use of race as a basis for the employment decision giving rise to this Complaint.

63.

Defendants undertook all of the unlawful conduct giving rise to Plaintiff's claims while acting under color of State and local law.

64.

Defendant Williford's unlawful conduct violated clearly established law prohibiting terminating employees based on race.

65.

Defendant Williford undertook his unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against him.

66.

Additionally and in the alternative, Defendant Williford undertook his unlawful conduct recklessly with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against him.

67.

Defendants' actions were willful, wanton, and intentionally directed to harm Plaintiff.

68.

Defendants' actions were reckless and were taken in willful disregard of the probable consequences of their actions.

69.

As a direct and proximate result of the Defendants' violations of the Equal Protection Clause, Plaintiff has suffered damages including lost wages, emotional distress, inconvenience, loss of benefits, humiliation, and other indignities.

## COUNT V
### Tortious Interference with Business Employment Relations
**(Against Defendant Lucius Van Peavy in his individual capacity)**

70.

All preceding paragraphs are incorporated herein by reference.

71.

No employment relationship exists between Potter and Peavy.

72.

Peavy purposefully banned Potter from the LEC with malicious intent to injure her.

73.

By and through Peavy's actions, Defendants Dooly County and Don Williford were induced not to enter into a full-time employment relationship with Potter.

74.

As a direct and proximate result of Peavy's interference, Potter has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) That this Court issue a declaratory judgment that Defendants' actions violated Plaintiff's rights as secured under the First Amendment to the United States Constitution and the Constitution of the State of Georgia;

(b) Full back pay from the date of the adverse employment actions, taking into account all raises to which Plaintiff would have been entitled but for

Defendants' unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(c) Front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(d) Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(e) Punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendants for their conduct toward Plaintiff and deter Defendants from similar conduct in the future;

(f) Reasonable attorneys' fees and costs;

(g) Judgment against Defendants for damages incurred by Plaintiff;

(h) Judgment against Defendants in such an amount as will fully and adequately compensate Plaintiff;

(i) Grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

(j) Other and further relief as the Court deems just and proper.

Respectfully submitted,

            THE BUCKLEY LAW FIRM, LLC

         By: <u>/s/Eleanor M. Attwood</u>
            Eleanor M. Attwood
            Ga. Bar No. 514014
            emattwood@buckleylawatl.com
         By: <u>/s/Paulding Chichester IV</u>
            Paulding Chichester IV
            Ga. Bar No. 189958
            pchichester@buckleylawatl.com

1230 Peachtree Street NW, Suite 900
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

COUNSEL FOR PLAINTIFF