IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LORIE POTTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOOLY COUNTY, *et al.*, ) <br> ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:14-CV-315 (MTT) |

## ORDER

Defendants Dooly County and Peavy have moved for permission to file an interlocutory appeal. Doc. 66. In an Order on Motion for Summary Judgment (Doc. 53) and an Order on Motion for Reconsideration (Doc. 62), the Court allowed various claims of the Plaintiff to proceed. None of the issues raised by the Defendants involve a controlling question of law as to which there is substantial ground for difference of opinion. Accordingly, the Motion is **DENIED**.

### I.   BACKGROUND

In her Amended Complaint against Defendants Dooly County, the Estate of Lucius Van Peavy ("Peavy"), and Don Williford, the Plaintiff alleges claims for First Amendment violation under the federal and Georgia constitutions; racial discrimination under Section 1981, Title VII, and the Fourteenth Amendment's Equal Protection Clause; and tortious interference with business employment relations. Doc. 35. The Defendants moved for summary judgment. Doc. 37. The Court granted summary judgment or declined to exercise supplemental jurisdiction as to the First Amendment

claims against the three Defendants, all Section 1983 claims against Williford in his official capacity, the Plaintiff's request for punitive damages against Peavy and Dooly County, the Plaintiff's request for punitive damages against Williford based on the First Amendment retaliation claim, and the claim against Peavy for tortious interference with business employment relations.  Doc. 53 at 29.  The Court denied summary judgment as to the equal protection race discrimination claims against Dooly County and against Williford in his individual capacity, the Title VII claim against Dooly County, and the request for punitive damages against Williford based on the Plaintiff's race discrimination claim.  *Id.*  The Plaintiff then moved to reconsider the summary judgment order.  Doc. 58.  The Court denied the motion to reconsider in part and granted it in part, reinstating the Plaintiff's federal First Amendment claim against Peavy and exercising supplemental jurisdiction over the claims against Peavy under the First Amendment of the Georgia Constitution and the tortious interference with business employment relations.  Doc. 62 at 5.

Williford and Peavy each appealed the Court's decision denying them qualified immunity.  Docs. 56; 64.  Those appeals are pending in the Eleventh Circuit.[1]

Dooly County and Peavy moved for permission to file an interlocutory appeal on the remaining claims not already on appeal: the Title VII racial discrimination claim against Dooly County, the First Amendment claim under the Georgia Constitution against Peavy, and the Georgia state law claim of tortious interference with business employment relations against Peavy.  Doc. 66 at 2.

---

[1] The Defendants moved the Eleventh Circuit to stay those proceedings until this Court ruled on the Motion for Permission to File an Interlocutory Appeal (Doc. 66), but the Eleventh Circuit denied the motion.  Doc. 73.

## II.     DISCUSSION

Pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal is appropriate when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."  The Eleventh Circuit has made clear that there is a strong presumption against interlocutory appeals, calling them a "rare exception."  *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). Interlocutory appeals "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."  *Id*. at 1259.  In contrast, "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case."  *Id*.

Despite the Eleventh Circuit's warning that such appeals are rare exceptions, the Defendants identify six questions for interlocutory appeal.  Since at least one question corresponds to each of the claims the Court allowed to proceed (except for the qualified immunity denials, which are already before the Eleventh Circuit), "the Defendants request permission to file an interlocutory appeal as to all remaining claims not presently on appeal." Doc. 66 at 2.  The Court considers each question the Defendants raise, grouped by the claim to which the questions correspond.

### A.     Title VII Claim Against Dooly County

As to the Title VII claim against Dooly County, the Defendants argue that the following issues warrant interlocutory appeal: (1) whether the Plaintiff raised a genuine

dispute to Dooly County's non-discriminatory explanation for not promoting the Plaintiff, and (2) whether the Plaintiff met her burden of establishing a prima facie case of racial discrimination. Doc. 66 at 5-6.

Both of these issues relate to the Court's application of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, a plaintiff must show the following to present a prima facie case of discriminatory failure to promote: (1) she is a member of a protected class, (2) she was qualified for and applied for the promotion, (3) she was rejected, and (4) other equally or less qualified employees who are not members of the protected class were promoted. *Denney v. City of Albany*, 247 F.3d 1172, 1183 (11th Cir. 2001) (internal citation omitted). If the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to state a legitimate, nondiscriminatory reason for the promotion decision. *Texas Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If the defendant proffers a nondiscriminatory reason, the plaintiff may present evidence that the proffered nondiscriminatory reason is merely pretext for discrimination. *Kragor v. Takeda Pharm. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012). In this case, the Court found that the Plaintiff established her prima facie case: the Plaintiff was objectively qualified for the promotion, and the Defendants did not challenge the Plaintiff's proof of the other elements. Doc. 53 at 23-24. The Court further found that the Defendants proffered a legitimate, nondiscriminatory reason for the promotion decision—the Plaintiff's interpersonal difficulties with colleagues. *Id.* at 24. Finally, the Court found that the Plaintiff presented a genuine issue of fact as to whether the Defendants' proffered reasons were pretext for discrimination, sufficient to survive summary judgment. *Id.* at 25-26.

Seeking interlocutory appeal, the Defendants do not identify ambiguous questions of law; they simply disagree with the Court's application of *McDonnell Douglas* to the facts of this case.  First, the Defendants argue that the Plaintiff did not raise a genuine dispute as to Dooly County's proffered nondiscriminatory explanation.  The Defendants object to the Court's reliance on certain evidence.  These objections are factual, not legal: the Defendants argue that the Plaintiff's evidence does not contradict Williford's proffered nondiscriminatory explanation because (1) testimony of the Plaintiff's colleagues did not actually contradict Williford's testimony that he collected the Plaintiffs' colleagues' opinions before choosing not to promote her; (2) the colleagues' testimony that the Plaintiff was not worse than any other colleague did not change the fact that "the deposition testimony overwhelmingly demonstrated the other EMTs' disdain for her," and therefore the testimony does not refute the nondiscriminatory explanation; and (3) pressure from the Board of Commissioners to hire an African-American candidate could not have harmed the Plaintiff, because the allegedly discriminatory decision was to promote the African-American candidate, not to hire her.[2]  Doc. 66 at 3-5.  The Defendants argue that a proper question for interlocutory appeal, therefore, is whether a racially-tinged statement alone (since the other evidence cannot establish pretext) can be sufficient to create a genuine issue of material fact as to pretext.  *Id.* at 5.

The Court's summary judgment decision did not raise that legal question.  The disputes raised by the Defendants are factual, and in pretext disputes, "factual determinations [are] generally unsuitable for disposition at the summary judgment

---

[2] As Potter aptly notes, the third point is "preposterous."  Doc. 70 at 9.  It would be factually preposterous if argued in support of a motion for summary judgment, but is even more so when offered to support an argument that an interlocutory appeal should be allowed.

stage." *Hairston v. Gainesville Sun Publ'g. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). The Plaintiff has safely met her burden to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1275 (11th Cir. 2008) (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted)).

Second, the Defendants argue that the Plaintiff failed to establish a prima facie case of race discrimination, because evidence that the Court characterized as "subjective" is instead "objective." Doc. 66 at 5-6. Specifically, the Defendants contend that the Plaintiff's inability to get along with colleagues is an objective quality that rendered her unqualified for the promotion. But the ability to "get along" is subjective; in contrast, objective qualifications include length of experience, education level, and certifications. *See Vessels v. Atlanta Indep. Sch. Syst.*, 408 F.3d 763, 768-69 (11th Cir. 2005) (per curiam) (affirming the district court's finding that "leadership style" is a subjective qualification, in contrast with "education, years of experience, and state certification levels").

These questions, "turn[ing] on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case," are the exact types of question *McFarlin* described as the "antithesis of a proper § 1292(b) appeal." 381 F.3d at 1259. The Court declines to certify them.

### B. First Amendment Claim Under the Georgia Constitution Against Peavy

Regarding the First Amendment claim under the Georgia Constitution against Peavy, the Defendants argue that the following issues merit interlocutory appeal: (1) whether Peavy's ban of the Plaintiff from the Law Enforcement Center ("LEC") is actionable in a First Amendment retaliation claim; (2) whether a comparator can be used to establish pretext in a First Amendment retaliation claim; and (3) whether the comparator used was an appropriate comparator.  Doc. 66 at 7-8.

First, the Defendants argue that the LEC ban is not actionable in a First Amendment retaliation claim.  *Id*. at 7.  The Defendants assert that "[the Plaintiff] did not cite any legal authority to support a finding that a reasonable jury could find that the LEC ban, which thereby relieved her of a job duty without affecting her wage-earning capacity, would deter a person of ordinary firmness from engaging in protected speech." *Id*.

A plaintiff suffers an adverse action "if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005).  Further, "the effect on freedom of speech may be small, but since there is no justification for harassing people for exercising their constitutional rights it need not be great in order to be actionable."  *Id*. (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)).  The Court found, in its Order on Motion for Reconsideration:

> [T]here is a genuine issue of fact whether Sheriff Peavy's ban would deter a person of ordinary firmness from exercising her First Amendment rights.  The ban did not simply create negative workplace consequences for Potter; it also prevented Potter from performing part of her job

> responsibilities. Therefore, a reasonable jury could find that the ban would deter a person of ordinary firmness from engaging in protected speech.

Doc. 62 at 4. Whether the LEC ban would deter a person of ordinary firmness is a factual question, not a legal question. *See Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) ("Whether the discipline 'would likely deter' presents an objective standard and a factual inquiry."). Accordingly, this question also "turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *McFarlin*, 381 F.3d at 1259. It is not appropriate for interlocutory appeal.

Second, the Defendants argue that using comparators in a First Amendment retaliation case presents a controlling question of law as to which there is substantial ground for differences of opinion. Doc. 66 at 7. The Court's Order on Motion for Reconsideration (Doc. 62) poses this question, the Defendants argue, because "the dispositive question deciding the fate of [the Plaintiff's] First Amendment retaliation claim against Van Peavy is whether his failure to ban EMT Jason White from the LEC evidenced his discriminatory animus against Potter." *Id.*

But the Defendants misstate the circumstances surrounding the comparator issue. The question arose in the Court's qualified immunity decision. *See* Doc. 62 at 2-5 (relating the Court's previous conclusion that a fact issue existed as to whether Peavy acted with improper motive, posing the comparator question as to qualified immunity, and concluding that Peavy is not entitled to qualified immunity as a matter of summary judgment). The Court's qualified immunity decision is already before the Eleventh Circuit. In contrast, with respect to retaliation, the Court found "sufficient circumstantial

evidence of Sheriff Peavy's retaliatory motive to withstand summary judgment;" specifically, the temporal proximity between the protected speech and the alleged retaliatory action, in addition to the fact that Peavy banned the Plaintiff and not her partner.  Doc. 53 at 13.  The Court declined to exercise supplemental jurisdiction over the state law claims against Peavy because of the ruling that Peavy enjoyed qualified immunity.  Doc. 62 at 5.  Upon the Court's conclusion that Peavy was not entitled to qualified immunity, however, the Court denied Peavy's motion for summary judgment on the First Amendment claim under the Georgia Constitution "for the same reasons the Court concluded [the Plaintiff] sufficiently established a constitutional violation as to the federal First Amendment claim."  *Id*.  Accordingly, the comparator question was not "the dispositive question deciding the fate" of the First Amendment claim under the Georgia Constitution.  Since the qualified immunity claim is already before the Eleventh Circuit, the Court declines to certify this question for interlocutory appeal.

Third, the Defendants argue that whether the Court used an appropriate comparator warrants interlocutory appeal.  Doc. 66 at 8.  The Plaintiff and her husband "had a long history of provoking" their employer, while no evidence suggested that the comparator had similar issues; therefore, the Defendants argue, the comparator and the Plaintiff are "not similarly situated . . . in all relevant respects."  *Id*.

As noted above, however, the comparator question arose out of the Court's qualified immunity determination, and additional evidence informed the Court's decision.  Further, the question of whether the Plaintiff and her colleague are similarly situated again "turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case."  *McFarlin*, 381

F.3d at 1259.  It is not a question an appellate court "can decide quickly and cleanly without having to study the record." *Id.* at 1258 (internal quotation marks and citation omitted).  Accordingly, the Court also declines to certify this question.

### C.   State Law Tortious Interference Claim Against Peavy

Finally, regarding the claim for tortious interference with business employment relations against Peavy, the Defendants argue that an issue appropriate for interlocutory appeal is whether the Court correctly found that the Defendants briefed summary judgment on the wrong cause of action.  Doc. 66 at 8.  The Defendants argue that the motion for summary judgment addressed the specific elements the Plaintiff needed to prove to survive summary judgment, and because the Court declined to rule on the issue, whether the Plaintiff met her burden is a controlling question of law as to which there is substantial ground for difference of opinion.  *Id.* at 8-9.

The Plaintiff's complaint alleges "tortious interference with business employment relations."  Doc. 35 at 18.  The Defendants moved for summary judgment on the Plaintiff's claim against Peavy for "tortious interference with business relations."  Doc. 37-1 at 18.  The Court initially declined to exercise supplemental jurisdiction over the claim, but upon reconsideration finding that Peavy was not entitled to qualified immunity, the Court addressed the claim.  Doc. 62 at 5.  The Court found that the Plaintiff alleged a claim for tortious interference with employment relations, and while tortious interference with business relations and tortious interference with employment relations "have some overlap, they are not identical."  *Id.* at 6.  The Court therefore concluded that "[g]iven the [Defendants'] fairly brief discussion in support of its motion for summary judgment on a tortious interference with business relations claim, the Court

-10-

does not feel it appropriate to rule on the merits of [the Plaintiff]'s claim for tortious interference with her employment relations." *Id.*

Although the heading in the Plaintiff's complaint may have been ambiguous, in her response to the motion for summary judgment the Plaintiff clearly indicated that she alleged "tortious interference with employment." *See* Doc. 48 at 27.  In their reply brief, the Defendants failed to acknowledge this discrepancy.  *See* Doc. 50 at 9-10 (referring again to the Plaintiff's "intentional interference with business relations claim").  The Defendants' opportunity to flesh out and clarify the issue was in summary judgment briefing, not on interlocutory appeal, and the Court also declines to certify this question.

A favorable ruling for the Defendants may "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  However, the Court finds that the questions posed by the Defendants do not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion."  28 U.S.C. § 1292(b).  These are simply not the types of "rare exception" appropriate for interlocutory appeal.

### III.   CONCLUSION

For the reasons discussed above, the Defendants' Motion for Interlocutory Appeal (Doc. 66) is **DENIED**.

**SO ORDERED**, this 29th day of November, 2016.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT